## BOARD OF TOWNSHIP TRUSTEES OF OTTAWA TWP v OTTAWA (village)

Ohio Appeals, 3rd Dist, Putnam Co

No 296.   Decided Nov 6, 1935

Unverferth & Unverferth, Ottawa, for plaintiff in error.

Joseph J. LaBadie, Ottawa, for defendant in error.

## OPINION

By GUERNSEY, J.

In its petition in error and brief herein filed the plaintiff in error, among other things, contends that the petition does not state facts sufficient to constitute a cause of action, and that consequently the court erred in overruling the demurrer and the objection to the introduction of any testimony and in making its finding and rendering judgment in favor of the plaintiff. As in the view we take, a consideration of this contenton disposes of the whole case it will be the only one considered.

The petition in this action is based on the provisions of §§286 and 286-1 GC. The pertinent part of §286 GC reads as follows:

'If the report sets forth that any public money has been illegally expended, or that any public money collected has not been accounted for, or that any public money due has not been collected, or that any public property has been converted or misappropriated, the officer receiving such certified copy of such report * * * may, * * * institute or cause to be instituted, and each of said officers is hereby authorized and required so to do, civil actions in a proper court in the name of a political sub-division or taxing district to which such public money is due or such public property belongs, for the recovery of the same and shall prosecute, or cause to be prosecuted the same to final determination."

The pertinent part of §286-1, GC, reads as follows:

"The civil actions provided for in §286 GC may be entertained, heard and determined by any court having jurisdiction of the amount involved or having jurisdiction to afford the remedy prayed for * * *. In any such action it shall be sufficient for the plaintiff to allege in the petition so much of the report of the bureau of inspection and supervision of public offices as relates to the claim against the defendant therein and that the amounts claimed against the defendant are unpaid, and it shall not be necessary in such petition separately to state and number any separate causes of action, the findings of such report, upon whatever claims or circumstances based, being considered for that purpose as constituting a single cause of action; nor shall the plaintiff be required to set forth in the petition any other or further matter relating to such claims. A certified copy of any portion thereof, shall constitute prima facie evidence of the truth of the allegations of the petition."

It will be noted that under the provisions of §286 GC above referred to, the action therein authorized is to be brought in the name of a political sub-division to which such public money is due, for the recovery of the same, and is to be brought when the report sets forth that any public money has been illegally expended.

In the case of State ex v Maharry, 97 Oh St 273, Judge Wannamaker, in the opinion at page 278, in discussing the purpose of these statutes, says:

"They are manifestly in the interest of conserving 'public money' and 'public property,' and he who wrongfully takes such 'public money', or 'public property' may be and should be sued under these statutes."

If the board of trustees either received or held the money which was illegally expended as shown by the report, the board is liable in a suit under this section. On the other hand, if the board has not received or held the money illegally expended by the Village of Ottawa, it is not liable to suit under these sections.

The findings show that certain individuals received relief payments from the Village of Ottawa which the village was not authorized in law to make, and these individuals, under the law would be liable for the amounts of such illegal payments made to them, and suit under these sections could be maintained against such individuals. But the liability, if any, of the Board of Trustees is not based on its receipt of funds illegally paid to it by the village, but upon quasi contract, and this action does not come within the purview of §§286 and 286-1 GC above referred to.

To entitle the village to recover upon quasi contract it was necessary for it to allege and prove:

1. That each person to whom public relief was furnished had a legal settlement in the township and was in condition requiring it, as provided in §3476 et seq., GC.

2. That complaint as to each person was made as provided in §3480 GC, and that the Board of Trustees with knowledge of the facts arbitrarily failed or refused to furnish such required relief to such person.

3. That the village furnished such required public relief to each of such persons and the amount and value thereof.

4. That the village in furnishing such relief, was not a mere intermeddler, but a proper person to perform the duty. Trus-

tees of Cincinnati Township v Ogden, 5 O. 23; Sommers v Board of Education, 113 Oh St 177, 184.

In the case at bar the petition fails to allege and there is no evidence tending to prove that complaint as to any person was made as provided in §3480 GC, and that the Board of Trustees with knowledge of the facts arbitrarily failed or refused to furnish to any person such required public relief. And as the petition shows that all the payments for which the Board of Trustees is sought to be held liable were made wholly without authority in law, the village as a matter of law was not a proper person to perform the duty of the Board of Trustees upon the failure or refusal of the Board.

As for the reasons mentioned the petition did not state nor the evidence tend to prove a cause of action, the court erred in overruling the demurrer and the objection to the introduction of evidence, and in its finding and judgment for the plaintiff. The judgment will therefore be reversed and final judgment entered for the plaintiff in error at the costs of defendant in error.

KLINGER, PJ, concurs.
CROW, J, concurs in the judgment.